Alexander W. Kramer, J.
This is an action upon two promissory notes. Said notes were executed in favor of the plaintiff as payee by Allan Horton Such (plaintiff’s son) and John Dennis Alsing as makers. Plaintiff has instituted suit against Alsing as a sole defendant.
Alsing now moves to compel the joinder of Allan Horton Such as a defendant, pursuant to CPLR 1001; or, in the alternative, for judgment dismissing the complaint pursuant to CPLR 3211 (subd. [a]).
*640 Plaintiff resists the motion, contending that, since the obligation of the makers was joint and several, the plaintiff had the choice of defendants; that she could sue either one or the other, or both.
Plaintiff’s observations as to the nature of the obligations are eminently correct: they are both joint and several.
The court is impressed with the close relationship between the plaintiff and the nonjoined defendant. Why the son was omitted from the litigation can only be left to conjecture.
CPLR 1001 (subd. [a]) provides: “Persons who ought to be parties if complete relief is to be accorded between the persons who are parties to the action or who might be inequitably affected by a judgment in the action shall be made plaintiffs or defendants. ’ ’
Based upon the allegations in support of the motion wherein it is indicated that no consideration flowed from the plaintiff to the defendant, Alsing, how can the equities between said defendant and his comaker be balanced in a concise proceeding involving the least circumvention and multiplicity of litigation? If both makers are brought before the bar of justice, all issues can be litigated.
Were this not ,so there would be little raison d’ étre for CPLR 1001 (subd. [a]).
CPLR 3211 (subd. [a], par. 10) provides: “ A party may move for judgment dismissing one or more causes of action asserted against him on the ground that: * * * the court should not proceed in the absence of a person who should be a party.”
The motion to join Allan Horton Such as a defendant is granted. Plaintiff shall prepare proper amended processes and pleadings naming said Allan Horton Such and the defendant Alsing as codefendants: service thereof shall proceed promptly and with dispatch. Service with respect to Alsing shall be deemed sufficient if made by mail upon his attorney. Alsing shall then have 10 days after receipt of such amended processes and pleadings within which to answer.
In the event that the plaintiff shall fail to prepare the aforementioned amended processes and pleadings, and to proceed with the service thereof within 30 days after service of a copy of the order with notice of entry to be entered hereon, then and in such event the motion to dismiss pursuant to CPLR 3211 (subd. [a]) shall be granted.